

**FILED & ENTERED**

**JUN 20 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GABRIEL SERIOSA.<br><br>           Debtor. | Case No. 2:16-bk-14276-RK<br><br>Chapter 7<br><br>**ORDER <u>DISAPPROVING WITHOUT PREJUDICE</u> STIPULATION FOR RETROACTIVE RELIEF FROM THE AUTOMATIC STAY AND FROM THE DISCHARGE INJUNCTION TO ALLOW POST-PETITION SETOFF** |

      The "Stipulation for Retroactive Relief from the Automatic Stay and the Discharge Injunction to Allow Post-Petition Setoff" ("Stipulation"), ECF 9, executed by and between Debtor Gabriel Seriosa ("Debtor"), on the one hand, and the Army and Air Force Exchange Service, a joint command of the U.S. Department of Army and Air Force ("AAFES"), is pending before this court.  Elan S. Levey, Assistant United States Attorney, signed the Stipulation for AAFES, and Julie J. Villalobos, of Oaktree Law, signed the Stipulation for Debtor.  The Chapter 7 Trustee was not a signatory to the Stipulation.

      The Stipulation between AAFES and Debtor seeks court approval of relief, among other things, including relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1),

retroactive to the date on which the bankruptcy petition was filed in this bankruptcy case on April 4, 2016 ("Petition Date"); post-petition setoff relief to allow AAFES as creditor to set off its claim against Debtor against a debt it owes to Debtor pursuant to 11 U.S.C. § 553(a); and relief from the discharge injunction pursuant to 11 U.S.C. § 524(a)(2).  Having read and considered the Stipulation, the court disapproves the Stipulation and denies the requested relief without prejudice for the following reasons.

"Stipulations lifting or agreeing to relief from the stay are enforceable so long as they are *properly noticed* to creditors and *approved by the court*" pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)" or "FRBP").  2 March, Ahart & Shapiro, *California Practice Guide: Bankruptcy*, ¶ 8:2326 at 8(II)-123 (2015) (emphasis in original), *citing,* Bankruptcy Rule 4001(d).  "The noticed motion requirement was added to the FRBP 'to remedy what was perceived as a growing problem of 'sweetheart' deals' between the debtor and powerful secured creditors who would exact favorable 'adequate protection' for the continued use of collateral, often to the detriment of the estate or other creditors.'" *Id.*, ¶ 8:2327 at 8(II)-123, *citing inter alia*, *In re Manchester Center*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991).  However, "[a] noticed motion for court approval of a stipulation to lift the stay or to pay adequate protection is *not* required where the movant files a proper motion for relief from the stay and *thereafter settles* the motion with an agreement to lift the stay or pay adequate protection." *Id.*, ¶ 8:2328 at 8(II)-123 (emphasis in original).  But this is not the situation here because there is no pending motion for relief from stay.

"A motion to approve a stipulation to lift the stay/pay adequate protection (often referred to as a '4001(d)' motion must be accompanied by a *copy of the proposed stipulation*." *Id.*, ¶ 8:2340 at 8(II)-124 (emphasis in original).  "Also, the motion should be accompanied by a *supporting declaration* demonstrating that the agreed-upon terms are within the sound business judgment of the debtor (or trustee)." *Id.* (emphasis in original; citation omitted).  The 4001(d) motion must be served on the debtor, debtor's counsel, the United States Trustee and such other parties as the court directs. *Id.*, ¶ 8:2342 at 8(II)-

124, *citing,* Bankruptcy Rule 4001(d)(1) and Local Bankruptcy Rule 2002-2(a)(1). The court notes that Bankruptcy Rule 4001(d) does not specifically reference the creditors or the trustee in a Chapter 7 bankruptcy case, but provides the court with discretion that it may direct that service be made on any other entity, presumably to assure that notice is given to those parties who may affected by an agreement or stipulation relating to stay relief, so that such parties have an opportunity to scrutinize the agreement or stipulation for themselves.

      Because the 4001(d) stipulation affects the property of the bankruptcy estate in this case since the debt owed by AAFES to Debtor is estate property and the administration of the bankruptcy estate since AAFES has a claim against Debtor, the court further directs that the Chapter 7 Trustee, who is the administrator of the bankruptcy estate pursuant to 11 U.S.C. § 704, be served with any 4001(d) motion for approval of the Stipulation and the relief requested therein. While, in this case, the parties listed the Chapter 7 Trustee as a service party on the proof of service of the Stipulation to be served by the court via Notice of Electronic Filing (NEF), the required 4001(d) motion with supporting evidence was not filed, which under Local Bankruptcy Rule 9013-1 provides for notice of motion with an opportunity for response and hearing. As indicated by the Stipulation, the amount of Debtor's debt to AAFES was $13,672.32, and the amount of the post-petition setoff of this debt from Debtor's federal tax overpayment was $1,079.00, which amounts are relatively minimal. In this case, the Chapter 7 Trustee filed a report of no distribution, and it is unlikely that the amount of the postpetition setoff in this particular case would lead the trustee to change his report, but it could be different if the setoff amount were much larger. *See, e.g.,* 11 U.S.C. § 724 (providing for subordinated treatment of secured tax claims). Nonetheless, there does not seem to be a *de minimis* exception to the notice requirements of Bankruptcy Rule 4001(d) to excuse the parties from giving notice to the trustee of the Stipulation and an opportunity to object and be heard or having the trustee sign off on the Stipulation as the administrator of the bankruptcy estate. Given the modest amount of the postpetition setoff for which stay relief is sought and the recitation of the facts indicating an

inadvertent postpetition setoff by AAFES as set forth in the Stipulation, the court may have well under the circumstances would have restricted notice of the stipulation for stay relief under Bankruptcy Rule 4001(d) to the trustee as the representative of the bankruptcy estate.

Additionally, the court notes with respect to relief for retroactive annulment of the automatic stay arising in this bankruptcy case that as stated by the Bankruptcy Appellate Panel of the Ninth Circuit, "In deciding whether to annul the stay, a bankruptcy court should examine the circumstances of the specific case and balance the equities of the parties' respective positions." *In re Gasprom, Inc.*, 500 B.R. 598, 607 (9th Cir. BAP 2013) (holding the bankruptcy court abused its discretion in annulling the automatic stay without weighing the evidence and balancing the equities), *citing inter alia, In re National Environmental Waste Corp.,* 129 F.3d 1052, 1054-1056 (9th Cir. 1997) and *In re Fjeldsted,* 293 B.R. 12, 24-25 (9th Cir. BAP 2003).  In balancing the equities for whether to grant stay annulment, according to the Bankruptcy Appellate Panel, the court may consider a number of different factors "as a general guideline or framework for assessing the equities," including: "1. Number of filings; 2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; 3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; 4. The Debtor's overall good faith (totality of circumstances test); 5. Whether creditors knew of the stay but nonetheless took action, thus compounding the problem; 6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules; 7. The relative ease of restoring parties to the status quo ante; 8. The costs of annulment to debtors and creditors; 9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; 10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; 11. Whether annulment of the stay will cause irreparable injury to the debtor; 12. Whether stay relief will

Case 2:16-bk-14276-RK    Doc 10    Filed 06/20/16    Entered 06/20/16 11:38:32    Desc
Main Document    Page 5 of 6


1. promote judicial economy or other efficiencies." *In re Gasprom, Inc.*, 500 B.R. at 607, *citing and quoting, In re Fjeldsted,* 293 B.R. at 25.

    The Stipulation is problematic because the applicable procedures and standards of the Bankruptcy Code and Rules have not been satisfied, which warrants disapproval of the Stipulation by the court at this time. First, the court notes that the Stipulation is procedurally deficient because the parties did not bring the required 4001(d) motion to approve the Stipulation. Second, AAFES failed to make any evidentiary showing that it is entitled to annulment of the automatic stay based on a balancing of the equities as required by *National Environmental Waste Corp.* and *Gasprom*. The Stipulation is not supported by evidence required for a motion for relief from the automatic stay under Local Bankruptcy Rule 4001-1(a) and 9013-1(i), and there does not appear to be any *de minimis* exception to obviate the making some evidentiary showing of the balancing of the equities to warrant stay annulment, given the relatively minimal amount of the postpetition setoff here. Third, it is unclear why AAFES seeks relief from a discharge injunction under 11 U.S.C. § 524(a)(2), which has not yet been entered in this case, and such relief should be explained in further briefing if the parties intend to proceed with a motion for approval of the relief sought in the Stipulation.

    Accordingly, based on the foregoing,

    IT IS HEREBY ORDERED that:

    1.     The Stipulation and the relief requested therein are denied without prejudice.

    2.     The parties are required to file and serve a motion to approve the Stipulation pursuant to Bankruptcy Rule 4001(d) as discussed herein, including service of such a motion on the Chapter 7 Trustee, if they still seek court approval of the relief requested in the Stipulation. Alternatively, the parties could

///
///
///

1 | resubmit the Stipulation with the joinder of the Chapter 7 Trustee to satisfy
2 | the notice requirements of Bankruptcy Rule 4001(d) under the particular
3 | circumstances of this case.

4 | **IT IS SO ORDERED.**

5 | ###

Date: June 20, 2016

_____
Robert Kwan
United States Bankruptcy Judge